Citibank, N.A. v Brooks (2020 NY Slip Op 01141)





Citibank, N.A. v Brooks


2020 NY Slip Op 01141


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2017-04077
 (Index No. 135241/16)

[*1]Citibank, N.A., etc., respondent,
v
Jacqueline Brooks, appellant, et al., defendants.


Jacqueline Brooks, Staten Island, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacqueline Brooks appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated December 16, 2016. The order denied the motion of the defendants Jacqueline Brooks and Glen F. Brooks to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendants Jacqueline Brooks and Glen F. Brooks (hereinafter together the defendants) to foreclose a mortgage executed by them. The defendants moved to dismiss the complaint insofar as asserted against them on the grounds that the action was time-barred, that the summons, complaint, and other documents were defective, and that the 90-day preforeclosure notice was defective. After the plaintiff submitted opposition to the motion, the defendants submitted a reply in which they did not address any of the issues raised by their motion and, instead, argued that the action should be dismissed insofar as asserted against them on the ground that they rescinded the loan pursuant to the Truth in Lending Act (15 USC § 1601 et seq.; hereinafter the TILA). The Supreme Court denied the motion, determining, inter alia, that the defendants had failed to effectively rescind the loan pursuant to the TILA. Jacqueline Brooks appeals, contending that the court should have granted the motion on the ground that the loan was rescinded pursuant to the TILA. We affirm, but for a different reason than that of the court.
The defendants raised their contention regarding the TILA for the first time in their reply to the plaintiff's opposition papers, and there is no indication in the record that the plaintiff was afforded the opportunity to submit a surreply. Likewise, there is nothing in the record to indicate that this new argument responded to any assertions made for the first time in the plaintiff's opposition papers. The purpose of a reply is to respond to arguments made in opposition to the movants' motion and not to introduce new arguments or grounds in support of the relief sought (see e.g. Gelaj v Gelaj, 164 AD3d 878, 879). Thus, Jacqueline Brooks's arguments concerning the TILA are not properly before us (see Gottlieb v Wynne, 159 AD3d 799, 801).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court